IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, a subrogee of FALLS CONDOMINIUM OWNERS ASSOCIATION, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-4307-CV-C-NKL |
| EAST SHORE OF THE FALLS DEVELOPMENT CO., INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Chubb Custom Insurance Company's ("Chubb") Motion for Default Judgment [Doc. # 4]. For the reasons set forth below, the Court grants Chubb's Motion in part.

**I.    Background**

Chubb filed its Complaint on September 30, 2005 [Doc. # 1]. On December 13, 2005, Chubb mailed a copy of the Summons and Complaint to C.A. Anderson ("Anderson"), the registered agent for East Shore of the Falls Development Company ("East Shore"). Chubb's mailing was sent via certified mail. Anderson returned an Acknowledgment of Receipt of Summons to Chubb on December 16. After East Shore failed to file a responsive pleading to Chubb's Complaint, Chubb filed its pending Motion on January 23, 2006.

1

On March 2, 2006, the Court issued a Show Cause Order to East Shore commanding it to appear and respond to Chubb's pending Motion [Doc. # 10]. The Court mailed its Order to East Shore's registered agent, via certified mail, return receipt requested. The Court's Order was not claimed by East Shore's registered agent and it was returned to the Court [Doc. # 11].

## II.     Discussion

### A.     Service of Process

Before default judgment can be entered, the plaintiff must have obtained proper service of process against the defaulting party. Fed. R. Civ. P. 55; *Dodco, Inc. v. Am. Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993). Thus, before it enters an order under Rule 55, the Court must analyze the threshold issue of whether Chubb properly served East Shore.

Under the Federal Rules of Civil Procedure, a party may not normally effect service of process by sending the Complaint and Summons via certified mail. However, Rule 4(e)(1) authorizes a party to effect service of process "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Subsection (e)(1) applies only to service of process upon individuals, but subsection (h) governs service of process upon corporations and it incorporates the provisions of subsection (e)(1).

Under Missouri law, a party may effect service of process upon a corporation via mail. Missouri Supreme Court Rule 54.16 states:

> Service of the summons and petition upon a resident or nonresident

2

> [corporate defendant] may be made by mailing a copy of the summons and
> petition by first class mail, postage prepaid, to the person to be served
> together with two copies of a notice and acknowledgment . . . and a return
> envelope, postage prepaid addressed to the sender. If no acknowledgment
> of service under this Rule 54.16 is completed and returned to the sender,
> service of the summons and petition shall be made as otherwise provided by
> statute or rule.

Mo. S. Ct. R. 54.16. Chubb mailed the Complaint and Summons to East Shore. East Shore's representative, Anderson, returned the Acknowledgment of Receipt to Chubb. Thus, it appears that Chubb secured proper service of process under Mo. S. Ct. R. 54.16. By virtue of Fed. R. Civ. P. 4(e)(1) and (h), which incorporate Missouri's service of process provisions, Chubb's service of process is equally valid in this Court.

### B.     Default Judgment

Federal Rule of Civil Procedure 55 governs default judgment and it provides that "the clerk shall enter [a] party's default" when that party "fail[s] to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a).

In its pending Motion, Chubb asks for entry of default judgment under Rule 55 and requests that the Court impose damages in the amount of $152,973.93, plus interest. In support of its claim is an affidavit showing that water damages caused a loss in the amount of $152,973.93, because water lines froze in an unheated attic. Chubb has also presented documentation to verify the amount of loss.

Accordingly, the Court grants Chubb's pending Motion for Default Judgment. It is hereby

ORDERED that Chubb's Motion for Default Judgment [Doc. # 4] is GRANTED.

3

A default judgment in the amount of $152,973.93 is entered in favor of Chubb Custom Insurance Company against East Shore of the Falls Development Co., Inc.

                                                      s/ Nanette K. Laughrey
                                                      NANETTE K. LAUGHREY
                                                      United States District Judge

DATE:  May 2, 2006
Jefferson City, Missouri